NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANUP ARYAL, | No. 14-71462 |
| Petitioner, | Agency No. A200-998-622 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2018**

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Anup Aryal, a native and citizen of Nepal, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039—40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on vagueness and lack of detail regarding an alleged 2003 attack on Aryal and based on omissions regarding the theft of Aryal's brother's store and Aryal's father's problems with Maoists. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). In the absence of credible testimony relating to key elements of his application, Aryal's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Aryal's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he would be tortured if returned to Nepal. *See id.* at 1156—57.

**PETITION FOR REVIEW DENIED.**